IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| T. PETER TAGUE, DC <br> 878 Welsh Road <br> Maple Glen, PA 19002 <br><br> On Behalf Of Himself And All <br> Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> AMERILIST, INC. <br> 978 Route 45, Suite L2 <br> Pomona, New York 10970 <br><br> RAVI BUCKREDAN <br> President, Amerilist, Inc. <br> 978 Route 45, Suite L2 <br> Pomona, New York 10970 <br> Defendants. | C.A. NO. <br><br> CLASS ACTION |

## CLASS ACTION COMPLAINT

Plaintiff, T. Peter Tague, DC ("Plaintiff"), brings this action on behalf of himself and all other persons similarly situated, through his attorney, and except as to those allegations pertaining to Plaintiff or his attorney, which allegations are based upon personal knowledge, alleges the following upon information and belief against Defendants Amerlist, Inc. ("Amerlist") and its President, Ravi Buckredan ("Buckredan") (collectively "Defendants").

### I. INTRODUCTION

1.  Plaintiff brings this action as a class action against Defendants and a Class of similarly situations persons and entities (as defined below) pursuant to the Telephone Consumer Protection Act of 1991, as amended by the Junk Fax Prevention Act of 2005

1

("JFPA" or "the Act"), 47 U.S.C. § 227 *et seq.*, and the regulations promulgated thereunder.  The JFPA prohibits a person or entity from faxing unsolicited advertisements, either directly or through a third-party fax broadcaster or agent.  Plaintiff believes, and therefore avers, that Defendants have sent, or caused to be sent on their behalf, facsimile transmissions of unsolicited advertisements to Plaintiff and the putative Class in violation of the JFPA, including but not limited to the facsimile transmission of an unsolicited advertisement on October 3, 2007 to Plaintiff's facsimile number ("the October 3rd Fax"). A true and copy of the October 3rd Fax is attached hereto as Exhibit A.

2. Plaintiff believes and therefore avers that this action is based upon a common nucleus of operative fact because the facsimile transmissions at issue were and are being done in the same or similar manner. This action is based on the same legal theory, namely liability under the JFPA.  This action seeks relief expressly authorized by the JFPA:  (i) injunctive relief enjoining Defendants, their employees, agents, representatives, contractors, affiliates, and all persons and entities acting in concert with them, from sending unsolicited advertisements in violation of the JFPA; and (ii) an award of damages in the minimum amount of $500 for each statutory violation, and treble damages as provided by § 227(b)(3) of the Act.

3. Unsolicited advertisements damage their recipients.  A junk fax recipient loses the use of his or her fax machine, paper, and ink toner.  Unsolicited faxes waste the recipient's valuable time that would have been spent on something else.  A junk fax intrudes upon and interrupts the recipient's privacy.  Unsolicited faxes prevent the fax machine from receiving authorized and wanted faxes, prevent their use for authorized outgoing faxes, cause undue wear and tear on the recipient's fax machines, and require

2

the unnecessary and additional expenditure of labor to attempt to discern the source and purpose of the unsolicited message.

## II.  PARTIES

4.  Plaintiff T. Peter Tague, DC is a Chiropractor with offices located in Maple Glen, Pennsylvania.  Plaintiff is, and at all relevant time has been, a citizen of the Commonwealth of Pennsylvania.  He brings this action individually and on behalf of a plaintiff Class defined below.

5.  Defendant Amerilist, Inc. is a New York corporation with its principal place of business located in Pomona, New York.  Amerlist is engaged in the business of providing direct marketing products, services and campaigns, including mailing and telemarketing lists, sales leads and data processing services.  At all times material hereto, Amerlist was engaged in business within the Commonwealth of Pennsylvania and within the Eastern District of Pennsylvania.

6.  Defendant Ravi Buckredan is an individual and, upon information and belief, a citizen of New York.  At all relevant times, he was the President of Amerilist and, upon information and belief, was personally involved in the decision to engage in the unlawful fax marketing activities.  As described below, Mr. Buckredan had actual notice of the unlawful faxing activity at issue and failed to take steps to prevent the continuing violation of the law.  As such, Mr. Buckredan may be held personally liable for violation of the JFPA.

## III.  JURISDICTION AND VENUE

7.  This Court has original jurisdiction over these claims pursuant to 28 U.S.C. § 1332(d)(2).  This is a class action filed under Rule 23 of the Federal Rules of Civil

3

Procedure. The amount in controversy exceeds $5,000,000.00, exclusive of interests and costs and the Plaintiff and, it is believed, many members of the Class, are citizens of a State different from that of Defendants. Upon information and belief, Defendants have been sending unsolicited advertisements by facsimile transmission since at least 2006 and have done so repeatedly. It is believed, and therefore averred, that more than 3,334 faxes have been sent to persons and entities nationwide.

8. Venue is proper in this district pursuant to 28 U.S.C § 1391. Defendants are subject to personal jurisdiction within this District. A substantial part of the events or omissions giving rise to the claim occurred in this District as Defendants caused facsimile advertisements to be sent into this District in violation of the Junk Fax Prevention Act.

## IV. **FACTUAL BACKGROUND**

9. On October 3, 2007, Plaintiff received on his facsimile machine an unsolicited advertisements [as that term is defined in the Junk Fax Prevention Act, 47 U.S.C. § 227 (a)(5)] sent by or on behalf of Defendants. *See* Exhibit A hereto.

10. It is believed, and therefore averred, that Defendants transmitted, or caused to be transmitted on their behalf, unsolicited advertisements by facsimile on the following additional dates, among others: May 17, 2007, August 15, 2007, September 4, 2007 and October 12, 2007. In addition, it is believed, and therefore averred, that Defendants transmitted, or caused to be transmitted on their behalf, unsolicited advertisements by facsimile on numerous occasions in 2006.

11. On November 30, 2006, the Federal Communications Commission ("FCC") issued an official Citation to Amerilist for violating the JFPA. The Citation was sent to the attention of Mr. Buckredan, as the President of Amerilist, and was based on at

least five (5) separate complaints made to the FCC regarding Defendants' conduct in sending unsolicited facsimile advertisements in violation of the JFPA. Amerilist did not respond to the Citation.

12.  On March 25, 2008, the FCC issued a Notice of Apparent Liability ("NAL") for Forfeiture in the amount of $4,500.00 against Amerilist based on a complaint that Amerilist sent an unsolicited facsimile advertisement on May 17, 2007, *after* receiving the FCC's official Citation dated November 30, 2006.[1]

13.  On July 22, 2008, the FCC issued a second Notice of Apparent Liability for Forfeiture in the amount of $18,000.00 against Amerilist based on four additional complaints asserting that Amerilist *again* sent unsolicited facsimile advertisements on August 15, September 4, October 3, and October 12, 2007, all *after* receiving the FCC's official Citation dated November 30, 2006.

14.  The faxes sent by or on behalf of Defendants do not contain an opt-out notice that complies with the requirements of 47 U.S.C. § 227(b)(1)(C) (iii) and 227(b)(2)(D) and the regulations promulgated thereunder, including without limitation because (a) the opt-out notice is neither clear or conspicuous; (b) the opt-out notice fails to advise the recipient that he/she is entitled to opt-out; (c) the opt-out notice fails to advise that the sender's failure to timely comply with an opt-out request is unlawful; (d) the opt-out notice fails to contain a fax number to fax and opt-out request.

15.  Defendants did not have express invitation or permission to transmit facsimile advertisements to Plaintiff or the members of the Class and/or Defendants are precluded from asserting prior express invitation or permission from Plaintiff or the

---

[1] Both the Official Citation and all NAL's issued to Amerilist by the FCC may be viewed and obtained from the FCC's official website at www.fcc.gov.

members of the Class because of Defendants' failure to comply with the Act's opt-out notice requirements.

16. Plaintiff does not have a prior established business relationship with Defendants and or Defendants are precluded from asserting a prior establish business relationship with Plaintiff or the members of the Class because of Defendants' failure to comply with the Act's opt-out notice requirements.

17. The JFPA is a strict liability statute and Defendants are liable to Plaintiff and the other members of the class even if their actions were only negligent.

## V. CLASS ACTION ALLEGATIONS

18. **Class Definition**. Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23 on behalf of the following class:

> All persons or entities that are holders of telephone numbers to which a facsimile transmission was sent by or on behalf of Amerilist, Inc. at any time on or after August 1, 2006 to and including the present (the "Class Period"), substantively similar to the fax attached hereto as Exhibit A, or otherwise advertising Amerilist, Inc. Excluded from the class are Defendants, and Amerilist's officers, directors, employees, agents, predecessors, successors, subsidiaries, parents and affiliates (the 'Class').

Plaintiff reserves the right to amend the definition of the Class upon completion of class certification discovery.

19. A class action is the only practical means available for members of the class to recover the statutory damages to which each is entitled, and to stop Defendants' unlawful conduct.

20. **Numerosity (F.R.C.P. 23(a)(1))**. The class is so numerous that joinder of all members is impracticable. Plaintiff believes, and therefore avers, that faxes such as

6

those attached hereto as Exhibit A were sent to thousands of persons and entities.  Indeed, the very nature of fax advertising indicates that the Class is more than sufficiently numerous to make joinder impracticable.  Identification of the members of the class can be ascertained in discovery of Amerlist's database and/or from Defendants' other books and records, or from the records and/or database of the entity that sent the faxes on Defendants' behalf, if different.

21. **Commonality (F.R.C.P. 23(a)(2))**.  Common questions of law and fact apply to the claims of all class members.  Common material questions of law and fact include, but are not limited to, the following:

a. whether Defendants sent unsolicited fax advertisements;

b. whether Defendants' faxes advertise the commercial availability of products, goods or services;

c. the manner and method Defendants used to compile or obtain the list of fax numbers to which Exhibit A and other unsolicited faxes were sent;

d. whether Defendants violated the JFPA by sending unsolicited facsimile advertisements to the fax machine of Plaintiff and Class members as to render them liable to the Class;

e. Whether the faxes at issue contain an opt-out notice meeting the requirements of 47 U.S.C. § 227 (b)(1)(C)(iii) and (b)(2)(D)(i)-(vi) and the regulations promulgated thereunder.

f. What constitutes a knowing or willful violation of the JFPA within the meaning of (b)(3) of the Act and whether Defendants committed knowing or willful violations of the Act;

    g. Whether injunctive relief is warranted to enjoin Defendants from further violations of the JFPA.

  22. **Typicality (F.R.C.P. 23(a)(3))**.  Plaintiff's claims are typical of the claims of all class members.  Plaintiff is a class member who received facsimiles sent by or on behalf of Defendant during the Class Period.  Plaintiff is making the same claims and seeking the same relief for himself and all class members based on the same statute.  Defendants have acted in the same or similar manner with respect to Plaintiff and all other class members.

  23. **Fair and Adequate Representation (F.R.C.P. 23(a)(4))**.  Plaintiff will fairly and adequately represent and protect the interests of the class.   He is interested in this matter, has no conflicts, and has retained experienced class counsel to represent the Class.

  24. **Need for Consistent Standards and Practical Effect of Adjudication (F.R.C.P. 23(b)(1)).** Class certification is appropriate because the prosecution of individual actions by class members would:  (a) create the risk of inconsistent adjudications that could establish incompatible standards of conduct for Defendants; and/or (b) as a practical matter, adjudication of Plaintiff's claims will be dispositive of the interests of class members who are not parties.

  25. **Common Conduct (F.R.C.P. 23(b)(2))**. Class certification is also appropriate because Defendants have acted and refused to act in the same or similar manner with respect to all Class members thereby making injunctive and declaratory relief appropriate.  Plaintiff demands such relief as authorized by the JFPA.

  26. **Predominance and Superiority (F.R.C.P. 23(b)(3))**. Common questions of law and fact predominate and a class action is superior to other methods of adjudication.

      (a)      Proof of the claims of the representative plaintiff will also prove the claims of the Class without the need for separate or individualized proceedings.

      (b)      Evidence regarding any exceptions to liability that Defendants may attempt to assert and prove will come from Defendants' records and will not require individualized or separate inquiries or proceedings;

      (c)      Defendants have acted and are continuing to act pursuant to common policies and practices in the same or similar manner with respect to all class members.

      (d)      The amount likely to be recovered by individual class members does not support protracted individual litigation.  A class action will permit a large number of relatively small claims involving virtually identical facts and legal issues to be resolved efficiently in one proceeding based on common proofs.

      (e)      This case is inherently manageable as a class action in that:

      (i)      Defendants, or the entity that sent the faxes on Defendants' behalf, maintains computer and business records which will enable Plaintiff to readily identify class members and establish liability and damages.

      (ii)      liability and damages can be established for Plaintiff  and the class with the same common proofs.

      (iii)      statutory damages are provided for in the statute and are the same for all class members are can be calculated in the same or similar manner.

      (iv)      a class action will result in an orderly and expeditious administration of claims, and it will foster economies of time, effort and expense.

      (v)      a class action will contribute to uniformity of decisions concerning Defendants' practices.

      (vi)      as a practical matter, the claims of the Class are likely to go unredressed absent class certification.

## VI. FIRST CAUSE OF ACTION
### (Violation of the Junk Fax Prevention Act of 2005)

27.    Defendants' conduct constitutes a violation of the Junk Fax Prevention Act, 47 U.S.C. §227(b)(1)(C), and the regulations promulgated thereunder, which prohibit the use of a telephone facsimile machine, or computer, or other device, to send an unsolicited advertisement to another facsimile machine.  The JFPA is a strict liability statute and Defendants are liable to Plaintiff and the other class members even if their actions were only negligent.

28.    The faxes sent by Defendants failed to comply with the Opt-out Notice requirements contained in the Act and the regulations promulgated thereunder.  As such, by definition, Defendants have transmitted unsolicited faxes in violation of the JFPA because they can neither claim that the recipients of the faxed advertisements gave "prior express permission or invitation" to receive the fax nor can they claim the exemption from liability contained in § (b)(C)(1) of the Act.

29.    Defendants knew or should have known that Plaintiff and the other class members had not given express invitation or permission for Defendants or anyone else to fax advertisements about Defendants' goods or services and that no established business relationship existed with Plaintiff and the other members of the class.

30.    Defendants knew or should have known that the faxes did not contain an opt-out notice meeting the requirements of 47 U.S.C. § 227(b)(1)(C)(iii) and (b)(2)(D)(i)-(vi), and the regulations promulgated thereunder.

31.    Defendants' actions caused damages to Plaintiff and the other class members.  Receiving Defendants' junk faxes caused the recipients to lose paper and toner consumed in the printing of Defendants' faxes.  Moreover, Defendants' faxes used

Plaintiff's fax machine.  Defendants' faxes cost Plaintiff time because he wasted time which otherwise would have been spent on business activities in receiving and reviewing the illegal faxes.  Finally, Defendants' faxes unlawfully interrupted and interfered with Plaintiff and the other class members' privacy interest in being left alone.

32. Even if Defendants did not intend to cause damage to Plaintiff and the other class members, did not intend to violate their privacy, and did not intend to waste the recipients' time, those facts are irrelevant because the TCPA is a strict liability statute.

33. Pursuant to 47 U.S.C. § 227(b)(3)(B), Defendants are jointly and severally liable to Plaintiff and the members of the Class for minimum damages for each statutory violation in the amount of $500.00.

34. In the event the evidence supports a finding that the faxes were sent willfully or knowingly, the Court may award treble damages, up to a maximum of $1,500.00 for each statutory violation.

35. Pursuant to 47 U.S.C. §227(b)(3)(A), Plaintiff seeks to permanently enjoin Defendants from violating the Act as described above.

## VII.  SECOND CAUSE OF ACTION
### (Common Law Conversion)

36. By sending the illegal faxes, Defendants improperly and unlawfully converted Plaintiff's and the Class Members' fax machine, toner and paper to their own use, and caused undue wear and tear on Plaintiff's and the Class Members' fax machines. Defendants knew or should have known that the misappropriation of Plaintiff's and the Class Members' property for their own use to transmit their advertisements was wrongful and without authorization.

37. During the time the unsolicited faxes were being received, Plaintiff's fax machine was unavailable for use by Plaintiff.  Likewise, Plaintiff's and the Class Members' paper and toner was taken by Defendant and used for its unsolicited faxes and is no longer available for Plaintiff's and the other class members' exclusive use.

38. The sending of the unsolicited faxes at issue herein was without lawful justification.  Defendants are jointly and severally liable to Plaintiff and the members of the class for damages suffered as a result of the conversion of their property.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and all others similarly situated, prays for judgment against Defendants, and requests that the Court:

A. Certify this action as a class action;

B. Award the full amount of statutory damages authorized by 47 U.S.C. § 227(b)(3) to Plaintiff and each member of the Class and against Defendants, jointly and severally;

C. Enjoin Defendants from further violations of the JFPA;

D. Award attorneys' fees and costs based on the common fund doctrine and/or upon any applicable statute;

E. Grant such other and further relief as the Court deems fair and proper under the circumstances.

The total claim in this action is for an amount in excess of arbitration limits.

Dated: October 16, 2008                              Respectfully submitted,


                                                     /s/ Ann M. Caldwell
                                                     Ann M. Caldwell/AMC1953
                                                     Pa. I.D. No. 42252

**CALDWELL LAW OFFICE LLC**
108 W. Willow Grove Ave., Suite 300
Philadelphia, PA 19118
(215) 248-2030
(215) 248-2031 (fax)

**Attorney for Plaintiff and the Class**